IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **ROY DEAN SMITH #1896457** | § § | |
| **V.** | § § | **W-23-CA-885-ADA** |
| **BOBBY LUMPKIN** | § § | |

## ORDER

Before the Court is Petitioner's application for writ of habeas corpus (#1) Respondent's response (#16), and Petitioner's reply (#19).

Respondent asserts that Petitioner's habeas application should be dismissed as successive. Petitioner has previously filed an application for writ of habeas corpus challenging his 2009 deferred adjudication order on January 16, 2015. *Smith v. Davis*, No. 6-15-CV-017-RP (W.D. Tex.). That petition was dismissed with prejudice as time-barred on November 1, 2016. Petitioner contends that his filing is not a successive petition because he instead is asserting a violation of his due process rights and requesting an order requiring the Falls County District Attorney's Office to provide him with a copy of certain DNA testing results.

Title 28 U.S.C. § 2244(b) provides that before a second or successive application for writ of habeas corpus is filed in the district court, an applicant must move in the

1

appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). The Fifth Circuit has held that "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *United States v. Jones*, 796 F.3d 483, 485 (5th Cir. 2015) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Unless a petitioner can demonstrate a showing of both "cause" and "prejudice" for failing to include the new claims in a previous federal petition, the successive petition claims will be dismissed as abuse of the writ. McCleskey v. Zant, 499 U.S. 467, 494–495 (1991) (stating that cause requires that petitioner conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition).

Petitioner's prior federal habeas petition challenged his 2009 order of deferred adjudication. Petitioner's current application again seeks to challenge his 2009 deferred adjudication order for pleading guilty to aggravated sexual assault. Petitioner argues that he was unaware of any potentially exculpatory evidence until after his judgment of conviction on sentence on October 10, 2013. Nevertheless, even if Petitioner's claims arose in October 2013, he was still aware of the alleged DNA evidence and was clearly aware of his own claim of innocence at least at the time of his prior federal habeas application in 2015. Thus, his current habeas application is successive. Pursuant to § 2244(b), the Court finds this successive application for writ of habeas corpus should be dismissed for lack of jurisdiction because Petitioner has not obtained prior approval

to file a successive habeas corpus application. *See In re Epps*, 127 F.3d 364 (5th Cir. 1997).

To the extent that Petitioner claims his filing was not intended to challenge his conviction or sentence but instead seeks to compel the Falls County District Attorney to produce certain DNA test results, his filing could also be construed as a petition for writ of mandamus.

Although the writ of mandamus was abolished by Fed. R. Civ. P. 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. 28 U.S.C. § 1651. Actions in the nature of mandamus are provided for in 28 U.S.C. § 1361, which states as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Federal district courts do not have jurisdiction to issue the writ against a state actor or agency. *See generally Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275 (5th Cir. 1973); *accord, Noble v. Cain*, 123 Fed. Appx. 151 (5th Cir. Feb.16, 2005) (available at 2005 WL 361818) (citing *Moye* to hold federal mandamus relief is not available to direct state officials in the performance of their duties). As such, mandamus relief is not available to compel or direct the actions of state officials or other non-federal employees. *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969). Thus, the Court is without jurisdiction over Plaintiff's filing to the extent it is construed as a mandamus petition.

To the extent Petitioner's filing is construed as a civil rights action seeking injunctive relief, the Court also notes that nothing in his filing shows that the alleged DNA evidence exists, much less that he has been denied due process in his attempts to receive such evidence. Petitioner argues that the response letter he received from the Falls Community Hospital & Clinic stated that the Hospital had forwarded the DNA test results to the District Attorney. But the language of the letter, included by Petitioner as an exhibit to his filing, does not match Petitioner's interpretation. The letter states that the hospital has no records of any DNA testing on the date requested by Petitioner. The hospital then states: "[Y]ou will need to contact the Falls County District Attorney, Ms. Gilliam, for any medical records and/or test results that may have been collected at this date of service." In other words, if any such testing occurred, the hospital is not aware of it and has no such records. Instead, Petitioner is advised to check with the District Attorney to see if they have any such records. Thus, even construing the evidence before the Court in the most favorable light to Petitioner, there is nothing more than speculation on his part that any exculpatory DNA evidence exists whatsoever.

It is therefore **ORDERED** that Petitioner's Application for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction as successive.

It is further **ORDERED** that, to the extent he raises such claims, Petitioner's Petition for Writ of Mandamus is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

It is further **ORDERED** that, to the extent Petitioner is claiming a civil rights violation, his pleading fails to state a claim and is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

It is finally **ORDERED** that a certificate of appealability is denied.

**SIGNED** on September 30, 2024

                                                                                ALAN D ALBRIGHT
                                                                                UNITED STATES DISTRICT JUDGE